## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| C.D., by and through her PARENTS AND NEXT FRIENDS, M.D. and P.D.<br><br>Plaintiffs,<br><br>v.<br><br>NATICK PUBLIC SCHOOL DISTRICT and BUREAU OF SPECIAL EDUCATION APPEALS,<br><br>Defendants. | Civil Action No. 15-cv-13617-FDS |

## NATICK PUBLIC SCHOOL DISTRICT'S ANSWER

### Preliminary Statement

1.     The Natick Public Schools (Natick) admits that plaintiff's action arises under the IDEA, 20 U.S.C. § 1400 et seq., and is a complaint for judicial review of a decision of the defendant, Bureau of Special Education Appeals (BSEA) pursuant to 20 U.S.C. , §1415(i)(2).

2.     Natick admits that plaintiffs bring this action based upon their allegation that Natick failed to comply with the requirements of federal and state special education law and further answers that it denies any such failure to comply with federal and state law.

3.     Natick admits that C.D. is enrolled at Learning Prep School (Learning Prep), that Learning Prep is a state-approved special education school in Newton, that parents placed her there in September, 2012, and that parents rejected Natick's proposed placement for C.D. for 9th grade. All allegations in paragraph 3 of plaintiffs' complaint which are not specifically admitted herein are denied.

4.     Natick admits that the issues addressed at the hearing are the seven (7) issues set out on page 2 of the BSEA's Decision and that what appears to be a true and correct copy of the Decision is attached to plaintiffs' complaint as Exhibit A. All allegations in paragraph 4 of plaintiffs' complaint which are not specifically admitted herein are denied.

5.     Natick admits that the BSEA issued a Decision on July 24, 2015, and that it corrected the Decision by including the three (3) paragraphs which had been inadvertently omitted. All allegations in paragraph 5 of plaintiffs' complaint which are not specifically admitted herein are denied.

6.     Natick admits the action is timely and appears to request review and reversal of the hearing officer's Decision on the issues of whether Natick failed to provide C.D. with a free appropriate public education (FAPE) in the least restrictive environment to the 2012-2013, 2013-2014, and 2014-2015 school years and whether it committed procedural violations amounting to a denial of FAPE. Natick denies that it denied C.D. FAPE at any time and that it committed any procedural violations amounting to a denial of FAPE. It also denies all allegations in paragraph 6 of plaintiffs' complaint which are not specifically admitted herein.     7.     Natick admits that parents seek reimbursement for their unilateral placement and well as attorneys' fees and costs, but denies that parents are entitled to reimbursement or an award of costs and fees because they are not a prevailing party under the IDEA. Further, all allegations in paragraph 7 of plaintiffs' complaint which are not specifically admitted herein are denied.

8.     Natick denies that the plaintiffs are aggrieved by the BSEA's Decision. It further denies that the Decision was based upon mistakes of fact or errors of law, was made upon unlawful procedure, was not supported by a preponderance of the evidence, or was unwarranted

by facts, biased, arbitrary and/or capricious, an abuse of discretion, and/or otherwise not in accordance with law.

## Jurisdiction and Venue

9.     Natick admits that this Court has jurisdiction pursuant to 20 U.S.C., §1415(i)(3) and 28 U.S.C., §1331.

10.     Admitted.

## The Parties

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Natick admits that the BSEA is responsible for adjudicating disputes between parents and school districts pursuant to 20 U.S.C., §1415(f)(1)(A) and M.G.L. c.71B, §2A.  All allegations in paragraph 16 of plaintiffs' complaint which are not specifically admitted herein are denied.

## Factual Allegations

17.     Admitted.

18.     Admitted.

19.     Naticks admit that reports and assessments have indicated that C.D. has exhibited the strengths alleged in paragraph 19, but is without sufficient knowledge or information at this time to admit or deny the extent to which she has exhibited the alleged strengths in the past and/or whether she exhibits them, or any of them, at the present time, and those allegations are,

therefore, denied. All allegations in paragraph 19 of plaintiffs' complaint which are not specifically admitted herein are denied.

20. Admitted.

21. Natick admits that it determined that C.D. should be placed in the Access Program at Wilson Middle School. All allegations in paragraph 21 of plaintiffs' complaint which are not specifically admitted herein are denied.

22. Natick denies plaintiffs' characterization of the Access Program. It states further that any description of the Access Program now may or may not describe the program as it existed when it was proposed for C.D.

23. Natick admits parents rejected the IEP and, on information and belief, that they enrolled C.D. in the Christa McAuliffe Regional Charter Public Middle School in Framingham, Massachusetts. Further answering, Natick states that the McAuliffe Regional Charter School is a "local educational agency" (LEA) and that once parents enrolled C.D. there, Natick had no further obligation to provide her with a free appropriate public education and/or any educational services.

24. On information and belief, Natick admits that C.D. attended all her classes, at McAuliffe, with the exception of math, in an inclusion setting. All allegations in paragraph 24 of plaintiffs' complaint which are not specifically admitted herein are denied. Further answering, C.D. attended academic classes with the full time assistance of the 1:1 support provided and paid for by her parents.

25. Denied.

26. Natick admits Parents' filed a request for hearing when C.D. was in 7th grade and that the issues before the BSEA in that case are set out in the Decision in BSEA #11-3131.

All allegations in paragraph 26 of plaintiffs' complaint not specifically admitted herein are denied.

27.     Natick admits that a hearing was held at the BSEA on February 15 and 16, 2011, and that the March 24, 2011, Decision in Natick's favor speaks for itself. All allegations in paragraph 27 of plaintiffs' complaint which are not specifically admitted herein are denied.[1]

28.     Natick admits that parents contacted Natick on or about May 2, 2012, to request a team meeting to discuss C.D.'s potential enrollment in Natick for 9th grade and for extended year services in 2012.

29.     Natick admits that it held a meeting with the team on or about May 24, 2012. All allegations in paragraph 29 of plaintiffs' complaint not specifically admitted herein are denied.

30.     Natick admits parents provided information. All allegations in paragraph 30 of plaintiffs' complaint not specifically admitted herein are denied.

31.     Natick admits that parents brought with them to the meeting individuals they had hired to work with C.D. at McAuliffe to present their opinions about her needs and progress at McAuliffe. All allegations in paragraph 31 of plaintiffs' complaint not specifically admitted herein are denied.

32.     Natick admits that Parents hired Ms. Coellner and Ms. Soden, to provide daily support to C.D. at McAuliffe five (5) days per week. All allegations in paragraph 32 of plaintiffs' complaint not specifically admitted herein are denied.

---

[1] Natick ascribes no significance to plaintiffs' use of italics or emphasis beginning in this paragraph and continuing throughout the complaint. To the extent plaintiffs' use of italics in their complaint is intended to suggest the words or allegations italicized are especially important or significant, Natick denies that any such importance or significance should be attributed to the words or allegations in this paragraph or any others.

33.     Natick admits Ms. Flax is a speech/language pathologist who has provided C.D. with speech and language services since she was in fourth grade. All allegations in paragraph 33 of plaintiffs' complaint not specifically admitted herein are denied

34.     Natick admits Dr. Imber is a special education consultant, evaluator, and professor of special education who has been retained by parents as an education consultant and evaluator since 2009. Natick denies Dr. Imber is an independent evaluator vis à vis C.D. and denies all allegations in paragraph 34 of plaintiffs' complaint not specifically admitted herein.

35.     Admitted. Further answering, because parents had enrolled C.D. in a charter school, Natick was no longer the local educational agency responsible for her education, and it had no right to observe her there or to provide her with any services.

36.     Natick admits that Ms. Coellner and Ms. Soden testified to their opinions about C.D.'s ability to access the curriculum and her progress.

37.     Natick admits that it provided parents information about the programs at Natick High School, but denies Parents' characterization of the programs and all allegations in paragraph 37 of plaintiffs' complaint which are not specifically admitted herein. Further answering, Natick states that it has provided parents with extensive information and documentation.

38.     Natick admits that it provided information about the ACCESS program, but denies Parents' characterization of the programs and all allegations in paragraph 38 of plaintiffs' complaint which are not specifically admitted herein.

39.     Natick admits that some students in the ACCESS program take the alternative MCAS and do not receive a high school diploma, but denies that the allegations in paragraph 39 of plaintiffs' complaint apply to all students in the ACCESS program.

40.     Natick is without knowledge or information sufficient to permit it to admit or deny the allegations in paragraph 40 of plaintiffs' complaint and those allegations are, therefore, denied.

41.     Natick admits that the team believed the ACCESS program was appropriate based upon all the information it had.  All allegations in paragraph 41 of plaintiffs' complaint not specifically admitted herein are denied.

42.     Natick admits that parents asked to observe.  All allegations in paragraph 42 of plaintiffs' complaint not specifically admitted herein are denied.  Further answering, Natick states that it was unable to schedule the observations before the end of the school year because of MCAS, finals, and other end-of-the year activities.

43.     Admitted.

44.     Natick admits that Ms. Dalan sent a letter and that the letter speaks for itself. Further answering, Natick states that in that letter Ms. Dalan stated her opinion, based upon her observation of C.D. at McAuliffe and the team meeting, that "the ACCESS class at the high school is appropriate for Carolyn."  Further answering, Ms. Dalan went on to state that "in the spirit of cooperation and our attempt to provide a comparable IEP for Carolyn, we would be proposing all replacement classes."  603 CMR 28.03(1)(c) speaks for itself.  All allegations in paragraph 44 of plaintiffs' complaint not specifically admitted herein are denied.

45.     Natick admits that parents requested a team meeting to be held during the summer of 2012 and that Natick scheduled a meeting for July 27, 2012.  All allegations in paragraph 45 of plaintiffs' complaint not specifically admitted herein are denied.

46.     Natick admits that C.D. attended Natick's extended year program during the summer of 2012. All allegations in paragraph 46 of plaintiffs' complaint not specifically admitted herein are denied.

47.     Denied. Natick is without knowledge or information sufficient to form a belief that a July 12, 2012, meeting occurred.

48.     Natick admits that parents hired Ms. Coellner, Ms. Soden, and Dr. Imber to work with C.D. at McAuliffe and to provide consulting services, that they attended the team meeting on July 27, 2012, and that they those persons were present to provide Natick with their opinions concerning C.D.'s unique needs and progress at McAuliffe. All allegations in paragraph 48 of plaintiffs' complaint not specifically admitted herein are denied.

49.     Denied, to the extent plaintiffs suggest Natick had an obligation or reason to require anyone from the ESY program to attend the team meeting. Further, Natick states that it had not been the LEA responsible to provide C.D. with a free appropriate public education while C.D. was enrolled at McAuliffe and that those who worked with C.D. in the ESY program were unlikely to have provided significant, meaningful information in addition to the information obtained from the ESY program director and from C.D.'s work samples.

50.     Natick admits that Ms. Dalan observed C.D. at McAuliffe and that she did not attend the meeting because she was no longer employed by Natick. All allegations in paragraph 50 of plaintiffs' complaint not specifically admitted herein are denied.

51.     Natick admits Ms. Coellner and Ms. Soden attended and spoke at the team meeting, but denies plaintiffs' characterization of the information they provided.

52.     Natick admits that C.D. passed the ELA MCAS in 8th grade. All allegations in paragraph 52 of plaintiffs' complaint not specifically admitted herein are denied.

53.     Denied.

54.     Denied.

55.     Parents admit that no ACCESS teachers were present at the July, 2012 meeting because none were available for a meeting in the summer. Further answering, the team had reports from the ESY program's director and work samples from C.D. showing that her performance is largely consistent with the performance levels of her IEP goals. Further, parents had many opportunities to ask questions about ACCESS, and Natick provided them extensive information. All allegations in paragraph 55 of plaintiffs' complaint not specifically admitted herein are denied.

56.     Denied.

57.     Natick is without sufficient knowledge or information to permit it to respond to this allegation since the allegation fails to provide a time frame. Further answering, Natick has provided parents and the consultants, evaluators, and tutors they hired with extensive information and documentation.

58.     Denied. Further answering, Natick states that it provided appropriate and accurate information about the students in the ACCESS program. Natick expressly denies that any information it provided was disingenuous or ever proven to be disingenuous.

59.     Natick admits it proposed an IEP July 30, 2012 (not August 1, 2012), and that the IEP speaks for itself. Further answering, since C.D. was the responsibility of a different LEA while she was in the 6th, 7th, and 8th grades, Natick had insufficient information at the July meeting to develop a transition plan. Further, the proposed IEP expressly provides that the team would meet again in October to discuss C.D.'s progress and transition to Natick and to develop a

transition plan. All allegations in paragraph 59 of plaintiffs' complaint not specifically admitted herein are denied.

60. Denied. The IEP speaks for itself. Parents rejected the IEP on August 9, 2012, and the rejection was forwarded to Natick with their attorney's August 14, 2012, letter notifying Natick of parents' intent to unilaterally place C.D. at Learning Prep.

61. Natick cannot admit or deny the allegation concerning the "required ten (10) day notice," but admits that parents, through their attorney, notified Natick that they intended to unilaterally place C.D. at Learning Prep School by letter dated August 14, 2012.

62. Denied. Natick was not required to schedule another IEP meeting. Further, answering, parents' rejection was conveyed with the notice of unilateral placement and parents did not request a meeting to discuss the rejected IEP.

63. Natick admits that C.D. attended Learning Prep for the 2012-2013 school year. All allegations in paragraph 63 of plaintiffs' complaint which are not specifically admitted herein are denied.

64. Natick admits it held a team meeting to propose a new IEP. All allegations in paragraph 64 of plaintiffs' complaint which are not specifically admitted herein are denied.

65. Natick admits that no one from Learning Prep attended the team meeting in May, 2013. Further answering, Natick had reports from Learning Prep teachers in the areas of history, biology, language arts/literature. All allegations in paragraph 65 of plaintiffs' complaint not specifically admitted herein are denied.

66. Natick admits it proposed an IEP for the 2013-2014 school year on Mary 31, 2013. That IEP and the IEP for 2012-2013 speak for themselves. All allegations in paragraph 66 of plaintiffs' complaint which are not specifically admitted herein are denied.

67.     Natick admits that Parents rejected the IEP proposed for the 2013-2014, but does not understand and cannot, therefore, admit or deny the allegation concerning the "ten (10) day notice." All allegations in paragraph 67 of plaintiffs' complaint which are not specifically admitted herein are denied.

68.     Natick admits C.D. attended Learning Prep for the 2013-2014 school year. All allegations in paragraph 68 of plaintiffs' complaint which are not specifically admitted herein are denied.

69.     Natick admits C.D passed the MCAS in ELA in 10th grade. All allegations in paragraph 69 of plaintiffs' complaint not specifically admitted herein are denied.

70.     Admitted.

71.     Denied. Further answering, Natick states that parents rejected the evaluation on March 17, 2014, demanding that the proposed testing be described and that the testing location be specified. Further answering, the "nature" of the evaluations was stated on the initial consent form. Parents consented to the three-year evaluation on April 15, 2014. All allegations in paragraph 71 of plaintiffs' complaint which are not specifically admitted herein are denied.

72.     Natick admits that it held a team meeting on April 15, 2014, for C.D.'s annual review and to develop an IEP for the 2014-2015 school year. All allegations in paragraph 72 of plaintiffs' complaint which are not specifically admitted herein are denied.

73.     Denied. Further answering, required staff attended the team meeting and there is/was no "speech and language" goal on the 2013-2014 IEP.

74.     Natick admits that no one from Learning Prep attended the team meeting in April, 2013. All allegations in paragraph 74 of plaintiffs' complaint not specifically admitted herein

are denied.  Further answering, Natick had reports from Learning Prep teachers in history, biology, language arts/literature.

75.    Defendant admits that Natick informed the parents that it would be conducting a psychological evaluation, speech and language assessment, and academic achievement testing and that it did so on March 12, 2014.  Natick expressly denies the suggestion that this information was first provided at the April 15, 2014, team meeting.  All allegations in paragraph 75 of plaintiffs' complaint not specifically admitted herein are denied.

76.    Denied.

77.    The IEPs speak for themselves.  All allegations in paragraph 77 of plaintiffs' complaint not specifically admitted herein are denied.

78.    Admitted.  Further answering, Natick states that the hearing request was amended April 1, 2014.

79.    The hearing request speaks for itself.

80.    Natick's response speaks for itself.

81.    Natick is without knowledge or information sufficient to form a belief about whether parents were surprised and, therefore, the allegations in paragraph 81 are denied.  Natick denies that it did not place C.D. based upon her unique individual needs.

82.    Natick admits parents rejected the IEP and stated they would be placing C.D. at Learning Prep for the 2014-2015 school year

83.    Natick admits it provided Dr. Imber and Ms. Flax an opportunity to observe the ACCESS program and speak with teachers.  All allegations in paragraph 83 of plaintiffs' complaint which are not specifically admitted herein are denied.

84.     Natick admits that Dr. Imber and Ms. Flax observed the ACCESS program and that their testimony about what they observed speaks for itself. All allegations in paragraph 84 of plaintiffs' complaint not specifically admitted herein are denied.

85.     Denied.

86.     Denied.

87.     Natick is without knowledge or information sufficient to form a belief as to what Dr. Imber and Ms. Flax believed and those allegations are, therefore, denied.

88.     Natick admits it held a team meeting on June 13, 2014, and that the meeting was held to develop an IEP and determine a placement as a result of C.D.'s three-year reevaluation. It admits that the evaluations were reviewed.

89.     Natick admits it proposed conducting a Transition Assessment in the fall of 2014, but expressly denies the characterization that it "finally" proposed the assessment and all other allegations in paragraph 89 of plaintiffs' complaint not expressly admitted herein.

90.     Natick admits it reviewed the evaluations and determined that C.D.'s disability category should be Communication Disability. All other allegations in paragraph 90 of plaintiffs' complaint not specifically admitted herein are denied. Further answering, Natick states that it is the services provided, not the disability category, which is important to providing a student with FAPE.

91.     Natick is without knowledge or information sufficient to form a belief about the truth of whether parents were "shocked" by the change in disability category, and those allegations are, therefore, denied. All other allegations in paragraph 91 of plaintiffs' complaint which are not specifically admitted herein are denied.

92.     Denied.

93.    Denied. The IEPs speak for themselves.

94.    The IEPs speak for themselves. Natick denies all allegations in paragraph 94 of plaintiffs' complaint which are inconsistent with whichever IEP this paragraph is intended to refer.

95.    Denied.

96.    Natick admits parents did not sign the IEP. All allegations in paragraph 96 of plaintiffs' complaint not specifically admitted herein are denied.

97.    Admitted. Further answering, by this time, Dr. Imber and Ms. Flax had been retained by the parents for years and Dr. Gibbons had previously performed a neuropsychological evaluation.

98.    Natick admits that parents requested the opportunity to observe the proposed program and have their evaluators observe the program and that observations were scheduled. Further answering, Natick states that arrangements for asking questions of teachers and service providers were addressed by, and were the subject of, a BSEA order. All allegations in paragraph 98 of plaintiffs' complaint not specifically admitted herein are denied.

99.    Natick admits that it agreed to permit parents and their evaluators and consultants to observe the program, but that speaking with staff and asking questions was addressed by, and was the subject of, a BSEA order which permitted written questions. Further answering, parents' consultants, evaluators, and tutors attended some, if not all, team meetings where they had the opportunity to ask questions.

100.    Denied. Further answering, speaking with staff and asking questions was addressed by, and was the subject of, a BSEA order which permitted questions and parents'

consultants, evaluators, and tutors attended some, if not all, team meetings where they had opportunities to ask questions.

101. Admitted.

102. Natick admits that Dr. Imber observed history, chemistry, and physics classes and on October 24, 2014, and that Ms. Flax observed replacement English in October, 2014 the classes. Further answering, speaking with staff and asking questions was addressed by, and was the subject of, a BSEA order which permitted questions, Natick supplied parents with extensive documentation, and Dr. Imber and Ms. Flax attended most, if not all, team meetings where they had the opportunity to ask questions. In addition, Natick provided an escort who could answer basic factual and clarifying questions during the observation, Ms. Flax had an opportunity to speak with the replacement English class teacher, and Dr. Imber admitted he was able to ask questions of his two escorts about the lunch period, chemistry, and physics classes. All allegations in paragraph 102 of plaintiffs' complaint not specifically admitted herein are denied.

103. Denied. Further answering, Natick states that it supplied parents with extensive documentation and that speaking with staff and asking questions was addressed by, and was the subject of, a BSEA order, Natick supplied parents with extensive documentation, and Dr. Imber and Ms. Flax attended most, if not all, team meetings where they had opportunities to ask questions. In addition, Natick provided them with escorts who could answer basic factual and clarifying questions during the observation, Ms. Flax had an opportunity to speak with the replacement English class teacher, and Dr. Imber admitted he was able to ask questions of his two escorts about the lunch period, chemistry, and physics classes. All allegations in paragraph 103 of plaintiffs' complaint not specifically admitted herein are denied.

104.    Natick admits that according to her testimony, Ms. Coellner observed math and the ACCESS English class in November, 2014.

105.    Natick admits that the ACCESS classroom has a washer, dryer, and stove and that Ms. Coellner's testimony about what she observed speaks for itself. All allegations in paragraph 105 of plaintiffs' complaint not specifically admitted herein are denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Natick has insufficient knowledge or information to admit or deny the allegations in paragraph 109 of plaintiffs' complaint and those allegations, are, therefore, denied.

110.    Cynthia Manning's testimony speaks for itself. Further answering, Natick denies there were no students who were disruptive or had behavior problems at Learning Prep and states there was evidence which refuted Ms. Manning's testimony.

111.    Natick admits that Ms. Coellner testified that she did not believe the students she observed in the ACCESS classroom would be an appropriate peer group for C.D. Further answering, Natick states that there was testimony that the students in the ACCESS classroom would have been an appropriate peer group for C.D. All allegations in paragraph 111 of plaintiffs' complaint not specifically admitted herein are denied.

112.    Natick admits that Parents and Dr. Roffman observed a transition class at Natick High School on October 27, 2014, and that paragraph 112 paraphrases Dr. Roffman's testimony. All allegations in paragraph 112 of plaintiffs' complaint not specifically admitted herein are denied.

113.    Natick admits that Dr. Roffman so testified.

114.  Denied.

115.  Denied. Further answering Natick provided parents with extensive documentation and the issue of questions was addressed in a BSEA order.

116.  Natick admits that Parents claimed their evaluators could not complete their evaluations. Natick denies all other allegations in paragraph 116 of plaintiffs' complaint which are not specifically admitted herein. Further answering, Natick provided parents with extensive documentation and the issue of asking questions was addressed by, and was the subject of, a BSEA order. Moreover, parents' consultants, evaluators, and service providers attended team meetings where they had opportunities to ask questions. In addition, Natick provided an escort who could answer basic factual and clarifying questions during the observation.

117.  Denied.

118.  Denied.

119.  Natick admits that parents filed a motion to compel. The motion speaks for itself. All allegations in paragraph 119 of plaintiffs' complaint which are not specifically admitted herein are denied.

120.  Natick admits that parents' motion was accompanied by affidavits and that those affidavits speak for themselves. All allegations in paragraph 120 of plaintiffs' complaint which are not specifically admitted herein are denied.

121.  Natick admits that it opposed parents' motion, and that its opposition speaks for itself. All allegations in paragraph 121 of plaintiffs' complaint which are not specifically admitted herein are denied.

122.  Denied. Further answering, Dr. Imber and Ms. Flax, like the other evaluators, consultants, and/or tutors parents hired, were not independent; they were hired by parents.

123.	Natick admits that it conducted a team meeting to review the Transition Evaluation. All allegations in paragraph 123 of plaintiffs' complaint which are not specifically admitted herein are denied.

124.	Natick admits that parents provided a neuropsychological evaluation and two incomplete evaluations. All allegations in paragraph 124 of plaintiffs' complaint which are not specifically admitted herein are denied.

125.	Natick admits that the speech and language teacher was not present at the meeting and that review of the Flax assessment was on the meeting agenda. All allegations in paragraph 125 of plaintiffs' complaint which are not specifically admitted herein are denied.

126.	Natick admits that C.D. attended Learning Prep for the 2014-2015 school year. All allegations in paragraph 126 of plaintiffs' complaint which are not specifically admitted herein are denied.

127.	Natick admits that the BSEA ruled on parent's motion to compel on April 1, 2015. All allegations in paragraph 127 of plaintiffs' complaint which are not specifically admitted herein are denied.

128.	Natick admits that the ruling speaks for itself and that parents' evaluators and consultants submitted written questions and received answers. All allegations in paragraph 128 of plaintiffs' complaint which are not specifically admitted herein are denied.

129.	Admitted. Further answering, the ruling speaks for itself. All allegations in paragraph 129 of plaintiffs' complaint which are not specifically admitted herein are denied.

130.	Natick admits that parents submitted exhibits for the hearing on May 5, 2015, and that those exhibits speak for themselves. All allegations in paragraph 130 of plaintiffs' complaint which are not specifically admitted herein are denied.

131. Natick admits that parents filed an amended hearing request on April 1, 2015, and that the amended hearing request speaks for itself. All allegations and characterizations in paragraph 131 of plaintiffs' complaint which are not specifically admitted herein are denied.

132. Admitted.

133. Natick admits that the hearing officer issued her Decision on July 24, 2015. Further answering, the Decision, attached to plaintiffs' complaint as Exhibit A, speaks for itself.

134. Natick admits that the Decision did not have to make any finding as to whether Learning Prep was an appropriate placement because parents did not prove that Natick's proposed program would have denied C.D. FAPE. Further answering, the Decision, attached to plaintiffs' complaint as Exhibit A, speaks for itself.

135. Admitted.

136. Admitted.

137. Natick admits that the corrected Decision speaks for itself. All allegations in paragraph 137 of plaintiffs' complaint not specifically admitted herein are denied.

138. Denied. Further answering, the language quoted is not quoted verbatim.

139. Natick denies that the language quoted contains any italicized words. The emphasis does not appear in the Decision. Natick admits that the Decision/corrected Decision speaks for itself.

140. Natick denies that the hearing officer relied on inaccurate findings of fact. Further answering, it denies that any of the words quoted are emphasized in the Decision, and states that the Decision speaks for itself.

141. Denied.

142. Denied.

143. Denied.

144. Denied. Further answering, it is possible for ACCESS students to prepare for and pass MCAS.

145. Natick denies that the hearing officer's finding quoted in paragraph 146 was inaccurate or that there was evidence to the contrary. Further answering, Natick states that the language quoted is found on page 16 of the Decision, not on page 20.

146. Natick denies that the hearing officer's finding is erroneous.

147. Natick admits that the quoted testimony speaks for itself. It denies there is any emphasis in the transcript and it denies the substance of the testimony.

148. Natick admits that the language quoted appears in the Decision, but denies that the hearing officer misrepresented Dr. Imber's testimony.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Natick denies parents' argument and characterization of the facts. The Decision speaks for itself.

154. Natick denies parents' argument and characterization of the facts. The Decision speaks for itself.

155. Natick denies the language in paragraph 155 of plaintiff's complaint is a single quote or that it accurately quotes testimony. The quote is a selection of language taken from volume II of the transcript.

156. Denied.

157.　Denied.

158.　Natick admits that paragraph 158 of plaintiff's complaint quotes language from page 41 of volume IV of the transcript.  Further answering, the questioning referred to the conduct of Dr. Imber and Ms. Flax during a June, 2014 observation, while Natick's concerns about parents' consultants' interrogating teachers arose out of interactions prior to that time.

159.　Denied.

160.　Denied.

161.　Denied.

162.　Denied, except that Natick admits that paragraph 162 of plaintiff's complaint quotes from page 35 of volume I of the transcript.

163.　Denied, except that Natick admits that paragraph 163 of plaintiff's complaint quotes from pages 20-21 of the Decision.

164.　Denied.

165.　Denied.

166.　Denied.

167.　Natick admits the quotation from the transcript.  Further answering, the language was in response to a question asking her whether she agreed with Dr. Gibbons' testimony from the previous day and was not in response to a question about whether she would recommend changing C.D.'s placement.

168.　Natick admits that the quotation is from the transcript.

169.　Natick denies that the hearing officer improperly refused to hear any testimony. Further answering, the Decision speaks for itself.

170. Natick denies that the language is a verbatim quote from the transcript. Further answering, although there are no ellipses in the purported quote, the language is a selection from testimony at pages 41 and 42 of volume IV of the transcript.

171. Denied. Further answering, the language which purports to be a quotation from the Decision is not accurate. The Decision speaks for itself.

172. Denied, though Natick admits that the language, though not a verbatim quotation, appears in the transcript.

173. Natick admits Dr. Roffman testified, but denies that the language which appears to be a single quotation is an accurate quotation. Rather, it is a compilation of testimony in volume I of the transcript at pages 188 and 190. Further answering, Natick states that it has provided parents and the consultants, evaluators, and tutors they hired with extensive information and documentation and that other arrangements for asking questions of teachers and service providers was addressed by, and was the subject of, a BSEA order.

174. Natick admits Ms. Flax testified, but denies that the language which appears to be a single quotation is an accurate quotation. Further answering, the purported quotation is misleading and the language omitted, as indicated by the ellipsis is Ms. Flax's testimony that she believed the teacher she observed "could be a good match for C.D."

175. Natick admits Dr. Imber testified, but denies that the language which appears to be a single quotation is an accurate quotation from page 191 of volume II of the transcript. The language is a compilation of testimony at pages 191 and 192 of the transcript.

176. Denied.

177. Denied.

178. Denied.

179.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The hearing officer's Decision was correct and should be affirmed.

## SECOND AFFIRMATIVE DEFENSE

The program Natick proposed for C.D. would have provided and will provide her with a free appropriate public education (FAPE) in the least restrictive environment.

## THIRD AFFIRMATIVE DEFENSE

The program where C.D.'s parents unilaterally placed her has not, could not, and cannot provide her with FAPE in the least restrictive environment and is otherwise inappropriate.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs are not prevailing parties and are not entitled to attorneys' fees.  The parties are in the same position after the hearing as they were before it.

WHEREFORE, Natick requests that the Court:

1.    affirm the BSEA's Decision;

2.    dismiss plaintiffs' Complaint;

3.    determine that the plaintiffs were not prevailing parties in the BSEA proceeding;

4.    award Natick its reasonable costs and attorneys' fees incurred in this action and in the BSEA proceeding pursuant to 20 U.S.C. §§1415(i)(3)(B)(i)(II) and (III).

DATED at Quincy, Massachusetts this 12th day of November, 2015.

> MURPHY, HESSE, TOOMEY & LEHANE, LLP
> Attorneys for Natick Public Schools
>
>
> By /s/ Doris R. MacKenzie Ehrens
> Doris R. MacKenzie Ehrens, Attorney at Law
> BBO #544252
> Alisia St. Florian, Attorney at Law
> BBO #643908
> 300 Crown Colony Drive, Suite 410
> Quincy, MA 02269-1923
> (617) 479-5000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of November, 2015, I served a copy of the foregoing on counsel of record for the plaintiffs, Laurie R. Martucci, Wagner Law Associates, LLC, electronically via CM/ECF.

> /s/ Doris R. MacKenzie Ehrens
> Doris R. MacKenzie Ehrens