UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| C.D., by and through her PARENTS AND NEXT FRIENDS, M.D. and P.D.,<br><br>        Plaintiffs,<br><br>v.<br><br>NATICK PUBLIC SCHOOL DISTRICT and<br>BUREAU OF SPECIAL EDUCATION APPEALS,<br><br>        Defendants. | Civil Action No. 15-cv-13617-FDS |

**JOINT STATEMENT**

Pursuant to Local Rule 16.1, the parties respectfully submit the following:

**I.   Statement Pursuant to Local Rule 16.1(B)**

Counsel for the parties have conferred pursuant to Local Rule 16.1(b) for the purpose of: (1) preparing a proposed pretrial schedule; and (2) considering whether they will consent to trial by magistrate judge.

**II.  Statement Pursuant to Local Rule 16.1(C)**

Plaintiffs, M.D. and P.D., individually and on behalf of C.D. (Parents) presented the Natick Public Schools (Natick) with a timely written settlement proposal. Natick will respond to the settlement offer as required. The Bureau of Special Education Appeals (BSEA) takes the position that because the claims against it is an appeal from the BSEA's decision in Student v. Natick Public Schools, BSEA No. 1408860, any settlement proposal is not addressed to and does not apply to it.

907033v1
909087v1
909150v1

### III.   Joint Statement Pursuant to Local Rule 16.1(D)

####    A.  Summary of Positions

#####       a.  Plaintiff Parents' Position.

The Plaintiff Parents are aggrieved by the BSEA's decision because it is based upon mistakes of fact and errors of law, was made upon unlawful procedures, was not supported by a preponderance of the evidence, was unwarranted by the facts in the record, biased, arbitrary and capricious and an abuse of discretion.  Contrary to the BSEA decision, Natick failed to provide their daughter C.D. with a free appropriate public education in the least restrictive environment during the 2012-2013, 2013-2014, and 2014-2015 school years, and committed procedural violations which resulted in denying C.D. a free appropriate public education in the least restrictive environment.

#####       b.  Natick Public Schools' Position.

The BSEA decision which is the subject of this action for judicial review is supported by the evidence in the administrative record and is consistent with both federal and state law.  Moreover, as the BSEA found, the IEPs Natick proposed for the 2012-2013, 2013-2014, and 2014-2015 school years were reasonably calculated to provide C.D. with a free appropriate public education in the least restrictive environment and there were no procedural violations that resulted in a denial of a free appropriate public education.

#####       c.  The Bureau of Special Education Appeals' Position.

The BSEA decision which is the subject of this action for judicial review is supported by the evidence in the administrative record and is consistent with both federal and state law.

B. **Proposed Pretrial Schedule**

a. The parties agree that the Rules exempt actions for judicial review based on the administrative record from the requirement of Initial Disclosures. *See* Federal Rules of Civil Procedure, Rule 26(a)(1)(B)(i). This proceeding is exempt from Initial Disclosures because the plaintiff is appealing from a decision made of the BSEA, an appeal which is generally decided upon the administrative record. *See 2*0 U.S.C. §1415(i)(2)). The BSEA expects to submit the administrative record for filing on April 8, 2016.

b. **Plaintiff Parents' Propose Pretrial Schedule**

i. Written discovery requests are to be filed by April 8, 2016 and answers/responses are to be filed in accordance with the rules thereafter;

ii. Motions to supplement the record are to be filed by May 8, 2016;

iii. Responses to motions to supplement the record are to be filed by June 8, 2016;

iv. Replies to motions to supplement the record are to be filed by June 28, 2016;

v. Dispositive motions are to be filed by July 8, 2016;

vi. Oppositions to dispositive motions to be filed by July 28, 2016

c. **Defendants' Proposed Pretrial Schedule**

The defendants do not agree that discovery is appropriate in this case. They propose the following schedule:

i. The parties will file and serve dispositive motions on or before June 1, 2016;

ii. The parties will file and serve their oppositions by July 1, 2016;

iii. The parties will file and serve any replies by July 22, 2016.

### IV. Judicial Assignment

The parties wish to have the case heard as currently assigned.

### V. Local Rule 16.1(D)(3) Certifications

The certificates of the parties and counsel required by Local Rule 16.1(D)(3) will be filed separately.

DATED this 29th day of February 2016.

| | |
|---|---|
| C.D., by and through her PARENTS AND NEXT FRIENDS, M.D. and P.D.<br>By their attorney, | NATICK PUBLIC SCHOOLS,<br><br>By its attorney, |
| /s/ Laurie R. Martucci<br>Laurie R. Martucci, Esq.<br>BBO # 561946<br>Wagner Law Associates, LLC<br>4 West Street<br>Franklin, MA 02038<br>(508) 528-4007 | /s/ Doris R. MacKenzie Ehrens<br>Doris R. MacKenzie Ehrens<br>BBO #544252<br>Murphy, Hesse, Toomey & Lehane, LLP<br>300 Crown Colony Drive, Suite 410<br>Quincy, Massachusetts 02269-9126<br>(617) 479-5000 |
| | BUREAU OF SPECIAL EDUCATION APPEALS,<br>By its attorney,<br><br>MARTHA COAKLEY<br>ATTORNEY GENERAL<br><br>/s/ Iraida J. Alvarez<br>Iraida J. Alvarez<br>BBO# 647521<br>Assistant Attorney General<br>Office of the Attorney General<br>One Ashburton Place, 20th Floor<br>Boston, MA 02108-1698<br>(617) 963-2037 |