UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| C.D., by and through her Parents and Next Friends, M.D. and P.D., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 15-13617-FDS |
| v. | ) ) ) | |
| NATICK PUBLIC SCHOOL DISTRICT and BUREAU OF SPECIAL EDUCATION APPEALS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER CONCERNING REMAND**

**SAYLOR, J.**

This is an action for review of a decision of an independent hearing officer of the Massachusetts Board of Special Education Appeals ("BSEA"), brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1415. On May 23, 2014, plaintiffs requested an administrative hearing before the BSEA, alleging that defendant Natick Public School District developed individualized education programs ("IEPs") for C.D. that were substantively and procedurally deficient.[1] A hearing was held over four days in May 2015. In its final order, issued on July 24, 2015, the BSEA ruled in favor of Natick, finding that the IEPs were appropriate and that proper procedures had been followed.

On October 21, 2015, plaintiffs filed this action for review of the BSEA decision. Plaintiffs moved for summary judgment, and the Court held a hearing on the motion on

---

[1] Plaintiffs amended their request for a hearing on April 1, 2015.

December 1, 2016.  Before the Court rendered its decision, the Supreme Court issued an opinion in *Endrew F. v. Douglas Cnty. Sch. Dist.*, 580 U.S. __ (March 22, 2017).  In *Endrew F.*, the Court held that for an IEP to provide a free appropriate education ("FAPE"), it must be "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances."  *Id.* at *14-15.[2]  In so holding, the Supreme Court reversed the holding of the Tenth Circuit that a FAPE is provided as long as "some educational benefit," meaning merely "more than [a] *de minimis*" benefit, is provided.  *Id.* at 8, 14.

There is a question whether *Endrew F.* changes the relevant standard as applied in the First Circuit.  As articulated by the First Circuit, an IEP is appropriate if it provides "some educational benefit," but "an optimal or an ideal level of educational benefit" need not be provided.  *Lessard v. Wilton Lyndeborough Coop. Sch. Dist.*, 518 F.3d 18, 23-24 (1st Cir. 2008).

Here, the hearing officer stated that an IEP must be "designed to meet the child's unique needs" and be "reasonably calculated to enable the child to receive educational benefit."  It is unclear whether the standard applied by the hearing officer in this case was materially inconsistent with the Supreme Court's holding in *Endrew F.*

In light of the uncertainty concerning whether the standard announced in *Endrew F.* differs in substance from that applied by the hearing officer, a remand of this action is appropriate.  At a minimum, the hearing officer should indicate whether the standard she applied was in accordance with the standard announced in *Endrew F.*  If the standard she applied was materially different, the hearing officer should indicate whether she would have reached the

---

[2] *Endrew F.* addressed a question left open by the Supreme Court decades earlier in *Board of Educ. v. Rowley*, 458 U.S. 176, 203 (1982).  In *Rowley*, the Court held that a student receives a FAPE if her IEP is "reasonably calculated to enable [her] to receive educational benefits," *id.* at 207, but declined to define what constituted "educational benefits" in this context.  *Id.* at 202.

same or a different result under the *Endrew F.* standard, and should decide whether further proceedings at the BSEA are appropriate.

This matter is hereby REMANDED in part to the Board of Special Education Appeals for further proceedings consistent with this opinion. This action is STAYED pending resolution by the BSEA of those issues. Plaintiffs' motion for summary judgment is DENIED without prejudice to its renewal.

**So Ordered.**

Dated:  March 28, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge