## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ———————————————— | ) | Civil Action No. 15-cv-13617-FDS |
| C.D., by and through her PARENTS AND NEXT FRIENDS, M.D. and P.D. | ) | |
|  | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
|  | ) | |
| NATICK PUBLIC SCHOOL DISTRICT and | ) | |
| BUREAU OF SPECIAL EDUCATION APPEALS, | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

### NATICK PUBLIC SCHOOLS' RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW REGARDING SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (RENEWED MAY 15, 2017) AND IN FURTHER SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Endrew F v. Douglas County School District, 580 U.S. ___, 14-15, 137 S.Ct. 988, 1001, 197 L.Ed.2d 335 (2017), requires that a student's IEP must be "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances" in order to provide the child with a free appropriate public education (FAPE). It did not, however, overrule or change the standard articulated in Board of Education v. Rowley, 458 U.S. 176 (1982). Instead, while rejecting the Tenth Circuit's misinterpretation of the standard, it expanded upon the Rowley standard by explaining its application to students who are not fully integrated in the regular classroom and not able to achieve on grade level. Where grade-level advancement is not a reasonable prospect as it was for the student in Rowley who was fully integrated in the regular classroom, the student's IEP must still be "appropriately" ambitious so that it is reasonably

calculated to allow the student to make progress appropriate for him or her in light of the student's circumstances.

In rejecting the Tenth Circuit's "merely more than *de minimis*" (Endrew F., at 14) standard for progress, the Court did not, explicitly or implicitly, reject "all standards that focus on the *level of benefit*" in favor of a standard focused upon the level of instruction as plaintiffs contend in their memorandum at page 2, heading 1. To the contrary, the standard remains benefit-driven.  If the benefit is not grade-level advancement, the benefit is progress appropriate to the student.  Endrew F. is explicit  that "[t]he IEP must aim to enable the child to make progress" and that "[a] substantive standard not focused on student progress would do little to remedy the pervasive and tragic academic stagnation that prompted Congress to act." Id, p.11. As the standard for determining FAPE, "appropriate progress" in light of a child's circumstances is the measure of the educational benefit the student should receive from his IEP.  The instructional goals are the means by which the child attains the benefit of appropriate progress.

The Court declined to "attempt to elaborate on what 'appropriate' progress will look like from case to case" because "[t]he adequacy of a given IEP turns on the circumstances of the child for whom it was created" (Endrew F., 15-16), just as the "meaningful educational benefit" standard applied in the First Circuit requires an IEP "custom-tailored to suit a particular child." Sebastian M. v. King Philip Regional School Dist., 685 F.3d 79, 84 (1st Cir. 2012).  Appropriate progress, that is, the benefit to be derived from education, has been and remains the focus of FAPE.  The level of instruction, on the other hand, is the means by which the student is challenged to make the appropriate progress.  Based upon a student's unique needs, what will challenge one student may not challenge another, but the goal remains appropriate progress.

In her April 10, 2017, Findings on Remand, Catherine M. Putney-Yaceshyn, the Bureau

of Special Education Appeals (BSEA) hearing officer who rendered the decision from which

plaintiffs' appeal, stated that the standard she applied is "the standard articulated in numerous

First Circuit cases,"[1] and that the standard is "in accordance with and conforms [to] the standard

enunciated in *Endrew F.*"  The First Circuit's meaningful educational benefit standard conforms

to the Endrew F. standard because meaningful educational benefit is "progress appropriate in

light of the child's circumstances."

The dictionary definition of "appropriate" at www.oxforddictionaries.com is "suitable or

proper under the circumstances" and the definition of progress is "[f]orward or onward

movement towards a destination" while the definition of "meaningful" is "having meaning,"

"serious, important, or worthwhile" and the definition of "benefit" is "[a]n advantage or profit

gained from something."  "Meaningful educational benefit" is consistent with "appropriate

progress in light of a child's circumstances" because the benefit cannot be important or

worthwhile if it is not suitable or proper under the circumstances.

In the Third Circuit, the United States District Court for the Eastern District of

Pennsylvania has already addressed the effect of Endrew F. in two cases.  In E.D. by & through

T.D. v. Colonial Sch. Dist., No. CV 09-4837, 2017 WL 1207919, 12 (E.D. Pa. Mar. 31, 2017),

the court noted that the Third Circuit had already rejected the *de minimis* standard rejected in

---

[1] "[t]o comply with IDEA, an IEP must be reasonably calculated to confer a meaningful educational benefit." D.B. ex rel Elizabeth B. v. Esposito, 675 F.3d 26 at 34 (1st Cir. 2012); *see also* Sebastian M. v. King Philip Regional School Dist., 685 F.3d 79 (1st Cir. 2012).  She also referenced this standard in other BSEA decisions, including, but not limited to, Student v. Concord Carlisle Regional School District, BSEA #1407063 (October 9, 2014), and Student v. North Reading Public Schools BSEA #08-4427 (July 22, 2008)("the LEA is responsible to offer students meaningful access to an education through an IEP that provides 'significant learning' and confers "meaningful benefit" to the student, through "personalized instruction with sufficient support services" (footnotes omitted) *citing* Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 203(1982).  Student v. Brockton Public Schools, the Department of Youth Services, and the Department of Elementary and Secondary Education, BSEA #11-3408 (January 12, 2012)(the IEP must "be tailored to address the individual student's unique learning needs and is reasonably calculated to permit the student to receive educational benefits and to make effective progress commensurate with the student's educational potential.")

Endrew F. in favor of the more stringent meaningful benefit standard.  It concluded that the

hearing officer's application of the meaningful benefit standard was " in accord with *Endrew F.*"

In Brandywine Heights Area Sch. Dist. v. B.M., No. 5:14-cv-06624, 13, n.25; 2017 WL

1173836  (E.D. Pa., March 29, 2017), the court noted that although the hearing officer did not

have the benefit of Endrew F., "[h]e correctly recognized that an IEP must be reasonably

calculated to enable the child to receive meaningful educational benefits,—not just more than

mere de minimis benefits."  (Internal quotes omitted).

Like the Third Circuit's standard, the First Circuit's meaningful educational benefit

standard requires an IEP tailored to address the individual student's unique learning needs and

reasonably calculated to permit the student to receive educational benefits, significant learning,

and effective progress commensurate with the student's circumstances.  Accordingly, the

standard the hearing officer applied in BSEA #1408860 is also in accord with Endrew F.

Plaintiffs' arguments that the IEPs for the 2012-2013, 2013-2014, and 2014-2015 school

years are not appropriately ambitious and do not provide FAPE, as well as their arguments that

the parents were deprived of meaningful participation, are not new, as evidenced by plaintiffs'

citations to memoranda already filed in this case.  There is ample evidence in the record that

plaintiffs participated fully in the process and that the IEPs Natick proposed were reasonably

calculated to provide C.D. a free appropriate public education in the least restrictive environment

by enabling her to make the level of progress appropriate given her unique circumstances.

The hearing officer did not set the bar low by approving IEPs that provided C.D. an

opportunity to independently access academic services.  To the contrary, she set a higher bar.

Consistent with Endrew F., the IEPs she approved challenged C.D. to access the curriculum

independently in a setting designed for students with a profile similar to hers, without the

assistance of full time one-to-one aides who acted as personal tutors, modifying the curriculum, making sure she was on task, cueing her as necessary, and going over vocabulary or practicing flash cards of science words to prepare for a test during a study or free period.  R.1695, *l.*9 – R.1696, *l.*24; R.1701, *ll.*l-8 7; R.409*, ll.*17-21.  In addition, Natick's program would have allowed C.D. to take elective classes with typical peers (R.411*, ll.*16-23), as well as replacement classes.  R.403, *ll.*17-20; R.405, *ll.*20-23; R.410, *l.*24 – R.411, *l.*11.  *See also* R.2191, *ll.*2-8; R.2298, *ll.*20-23; R.2322, *ll.*5-13; R.2396, *ll.*3-15; R.2439, *ll.*11-21; R.2440, *ll.*13-23.  Natick's proposed IEPs would have provided C.D. more challenge than parents' unilateral placement in a private special education school (Learning Prep) where all the students are disabled and there is no opportunity to take classes with or otherwise interact with *any* non-disabled peers.

The hearing officer has confirmed in her Findings On Remand that her decision is not impacted by Endrew F. and that she applied a FAPE standard consistent with Endrew F. Natick's IEPs offered C.D. FAPE in the least restrictive environment because they offered programs reasonably calculated to permit her to make appropriate progress by providing her an education tailored to her unique needs in the least restrictive environment.

DATED at Quincy, Massachusetts, this 30th day of May, 2017.

Counsel for the Natick Public Schools,

/s/ Doris R.MacKenzie Ehrens
BBO # 544252
Felicia Vasudevan
BBO #687463
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-9126
(617) 479-5000

## CERTIFICATE OF SERVICE

I, Doris R. MacKenzie Ehrens, hereby certify that this document filed through the CM/ECF system will be sent electronically to counsel of record for the plaintiffs and to counsel of record for Reece Erlichman, Director, Bureau of Special Education Appeals, on this 30th day of May, 2017.

/s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens

995393v1