UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| C.D., by and through her PARENTS and NEXT FRIENDS, M.D. and P.D. and M.D. and P.D. for themselves,<br>Plaintiffs,<br><br>v.<br><br>NATICK PUBLIC SCHOOL DISTRICT, and BUREAU OF SPECIAL EDUCATION APPEALS,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civ. Action No. 15-13617-FDS |

**BUREAU OF SPECIAL EDUCATION APPEALS'
OPPOSITION TO PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Bureau of Special Education Appeals' ("BSEA") hereby opposes the supplemental

memorandum of law filed by the Plaintiffs, C.D., by and through her parents and next friends,

M.D. and P.D., and M.D. and P.D. themselves, addressing the impact of the Supreme Court's

decision in *Endrew F. v. Douglas County Sch. Dist.*, 137 S. Ct. 988 (2017) to this case.  Contrary

to the Plaintiffs' arguments made in their Supplemental Memorandum, the substantive legal

standard announced in *Endrew F.* does not have an impact in this case.  The legal standard

applied by the hearing officer in the decision under review here, that FAPE is provided when the

school district implements an IEP "that is 'reasonably calculated' to insure that the child receives

meaningful 'educational benefits' consistent with the child's learning potential," *see*

Administrative Record, at 1564, is in accordance with long-standing First Circuit precedent[1] and

---

[1]     This has been the articulation of the FAPE standard in the First Circuit for some time. *See
D.B. v. Esposito*, 675 F.3d 26, 34 (1st Cir. 2012); *Sebastian M. v.King Philip Reg's Sch. Dist.*,
685 F.3d 79, 84 (1st Cir. 2012).  Even as far back as 1984, in *Town of Burlington v. Dept. of*

is consistent with *Endrew F.*

In *Endrew F.*, the Supreme Court rejected the 10th Circuit's articulation of the FAPE standard as "calculated to confer an 'educational benefit [that is] merely . . . more than *de minimus*," 137 S. Ct. 997, and found that "[t]o meet its substantive obligations under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Id.* at 999.   The standard articulated and applied by the hearing officer here – requiring an IEP that is reasonably calculated to insure the child receives meaningful educational benefits consistent with the child's learning potential - is wholly consistent with *Endrew F.   See also* ECF Docket No. 62, Hearing Officer's Remand Decision (stating that the application of the *Endrew F.* standard would not have changed the outcome in this case).

Nowhere in *Endrew F.* did the Supreme Court "reject *all Circuit Court standards that focus on meeting the level of benefit required.*"   *See* Plaintiffs' Mem. at 2 (emphasis added).   The Supreme Court only rejected standards that required a *de minimus* educational benefit.   *See* 137 S. Ct. 999 ("The IEP must aim to enable the child to make progress … [because] [a] substantive standard not focused on student progress would do little to remedy the pervasive and tragic academic stagnation that prompted Congress to act.").   Neither does *Endrew F.* discuss or announce a standard focused "on the level of instruction" required.   *See* Plaintiffs' Mem. at 2.   In this regard, all that *Endrew F.* states is that "the instruction offered must be '*specially designed*'

_____

*Educ. for Comm. of Mass.*, 736 F.2d 773 (1984), the First Circuit recognized that, while *Board of Educ. of the Hendrick Hudson Central Valley v. Rowley*, 458 U.S. 176 (1982) provided for a federal FAPE floor of "reasonably calculated to enable the child to receive educational benefits," Massachusetts law required more and those state standards should be incorporated into the federal court's analysis in IDEA cases.   *See* 736 F.2d  at 788-90.

to meet a child's '*unique needs*' through an '[*i*]*ndividualized education program*." 137 S. Ct. at

999, quoting 20 U.S.C. §§ 1401(29), (14) (emphasis in opinion).  In the case of a child in a

regular classroom, progress could be "achiev[ing] passing marks and advancing from grade to

grade," *id*., but if the child is not in the regular classroom, "the goals may differ, but every child

should have the chance to meet challenging objectives." *Id*. at 1000.  That Plaintiffs disagree as

to whether the IEPs proposed by Natick from 2012-2015 were designed to result in providing

Student "the chance to meet challenging objectives" does not demonstrate that the hearing

officer applied an incorrect standard.

The hearing officer's decision appropriately focused on whether the IEPs were

reasonably calculated to provide Student with meaningful educational benefits in light of her

circumstances.  R. 1551-71.  The decision took into account whether the IEPs would allow

Student "the chance to meet challenging objectives" such as taking the MCAS and obtain a high

school diploma.  For instance, the hearing officer found the 2012-2013 IEP appropriate because

it provided Student the opportunity to independently access academic services in a program

specifically designed for students with similar profiles without the need for a one to one aide.  R.

1565-66.[2]  Contrary to the Plaintiffs' contention at the administrative hearing and in their

Memorandum, *see* Plaintiffs' Mem. at 3 n.3 (continuing to assert that placing Student in the

Access program would have precluded her from preparing and taking the MCAS and obtaining a

high school diploma), the hearing officer specifically found that whether Student would be able

---

2       The hearing officer found that Natick properly formulated this IEP based on all of the
information it had available at the time including the results of recent testing as well as a
previous BSEA decision which had upheld the appropriateness of the Access program for
Student.  R. 1565-66.

to take and pass the MCAS if placed in the Access program "was an assumption made by the Parents and their evaluators that was not supported by the evidence before me." R. at 1566. The 2013-2014 IEP was appropriate for similar reasons. *Id.* The 2014-2015 IEP was also appropriate because there was credible testimony that students within the Access Program often take the regular MCAS exam and that students are routinely moved from Access classes to replacement classes where they can receive instruction geared toward passing the MCAS. R. 1568. Accordingly, the hearing officer's application of the First Circuit legal standard is consistent with *Endrew F.* in that she considered whether Student would be able to "make progress appropriate in light of [Student's] circumstances" with attention to whether Student would have the "chance to meet challenging objectives" such as taking the MCAS and obtain a high school diploma.

The remaining arguments in Plaintiffs' memorandum concern alleged IDEA procedural violations which are not impacted by the substantive standard in *Endrew F.* These arguments were addressed in the parties' motions for summary judgment.

Respectfully submitted,

BUREAU OF SPECIAL EDUCATION APPEALS,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ Iraida J. Álvarez
Iraida J. Álvarez, BBO# 647521
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108-1698
(617) 963-2037
Iraida.Alvarez@state.ma.us

Dated:  May 30, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF")," and paper copies will be sent to those indicated as non-registered participants on May 30, 2017.

/s/ Iraida J. Álvarez_____
Iraida J. Álvarez